IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| AMERICA FIRST LEGACY PAC, <br><br> Plaintiff, <br><br> v. <br><br> ANGIE WONG, <br><br> Defendant. | CIVIL ACTION NO.: <br><br> **JURY TRIAL DEMANDED** |

### BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS ONE AND TWO AND A PORTION OF COUNT FIVE FOR FAILURE TO STATE A CLAIM

Defendant Angie Wong, by and through her undersigned counsel, hereby files her Brief in Support of Motion to Dismiss Counts One and Two and a Portion of Count Five for Failure to State a Claim, showing the Court as follows:

### INTRODUCTION

Plaintiff filed this action in the Superior Court of Coweta County on August 22, 2023. Plaintiff obtained an order of service by publication on October 2, 2023. Under Georgia law, Ms. Wong has sixty (60) days from the order of publication to answer, move or otherwise respond to the

1

Complaint. Ms. Wong timely removed the state court action to this Court on November 3, 2023, and timely filed her Verified Answer and this Motion on the same date.

The Complaint sets forth five counts designated as Count 1: Unlawful Interference with Employer's Business; Count 2: Defamation/Libel; Count 3: Conversion/Trover of Legacy PAC Property; Count 4: Motion for Immediate/Temporary Injunctive Relief; and Count 5: Attorney's Fees and Litigation Expenses. Ms. Wong moves to dismiss Counts 1 and 2 and a portion of Count 5 for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Plaintiff America First Legacy PAC ("Legacy PAC") is a political action committee created under federal law. Compl. ¶ 1. Plaintiff purports to be a "Conservative Republican organization and part of the Donald J. Trump Grassroots Voices for Trump Coalition through a partnership with Veterans for America First aka [sic] Veterans for Trump." Compl. ¶ 5. "Legacy PAC was formed to promote thoroughly vetted federal Republican candidates seeking federal offices." *Id*.

According to the Complaint, Jared Craig, Stan Fitzgerald and Ms. Wong were the "founding members" of Plaintiff. *Id.* Ms. Wong was the president of Legacy PAC before she was allegedly removed from that office by the "Board of Directors"[1] of Plaintiff on May 30, 2023. *Id.*

Contrary to the allegations in Paragraph No. 5 of the Complaint, Legacy PAC was not organized under the laws of Georgia and there is no record of this organization being registered with the Georgia Secretary of State.

### Defamatory Statements Allegedly Made About Craig, Fitzgerald and a Veterans for Trump Organization

Almost all of Plaintiff's allegations regarding defamatory statements supposedly made by Ms. Wong are statements about Messrs. *Craig and Fitzgerald*, the alleged co-founders of Plaintiff, and a Veterans for Trump organization, not Plaintiff. For example, Plaintiff claims that "Wong accused Legacy PAC members as '*grifters, con men, fraudsters,*

---

[1] Because Plaintiff is a political action committee, it has no board of directors.

3

*and scammers'....*" Compl. ¶ 5 (emphasis in original.)[2]  Further, Plaintiff alleges, "Wong began a campaign of character assassination against the remaining Legacy PAC members, Craig and Fitzgerald.  Wong falsely accuses Craig and Fitzgerald as being deceitful and stated about, [sic] and then she alleges they are White Supremacists although she knows this to be false." *Id.*

Plaintiff also alleges, "When Legacy PAC made a formal demand to cease and desist her unauthorized use of Legacy PAC accounts, Wong continued to [sic] false and defamatory public statements about the remaining members [Messrs. Craig and Fitzgerald] of Legacy PAC." Compl. ¶10.  Such defamatory statements (whatever they may be) are not made about Plaintiff.

Plaintiff alleges that Ms. Wong "published false and defamatory statements and images on social media indicating that one of Legacy PAC's close associates, Veterans for Trump, is "FAKE", and, therefore, not a legitimate organization." Compl. ¶ 13, and Ex. B.  While Veterans

---

[2]Plaintiff fails to allege when, where or whether these alleged defamatory statements were published.

4

for Trump is alleged to be a "close associate" of Plaintiff, it is not Plaintiff. Moreover, there is no reference to Plaintiff in Exhibit B to the Complaint.

In Paragraph 19 of its Complaint, Plaintiff alleges that on May 30, 2023, Ms. Wong "began to make false and defamatory affirmative statements concerning Legacy PAC and its members in public and, therefore, in writing, via social media accounts and website. The exhibits referenced by Plaintiff, Exhibits "C" and "D" to the Complaint, say nothing about Plaintiff. Exhibit "C" refers to Ms. Wong's "ex-partners." Exhibit "D" refers to Ms. Wong's "former partners and associates." Plaintiff does not attach to its Complaint copies of any website pages.

**Plaintiff's Allegations of Defamation Are Conclusory.**

Most of Plaintiff's allegations regarding defamation are conclusory as they lack any specificity. For example, Plaintiff alleges with no specific reference to time, place or manner that "Since being voted out of Legacy PAC, Wong has systematically defamed the organization, individual members, and known associates on the Legacy PAC social media accounts and website." Compl. ¶ 5. Despite the allegation of "systematically defamed," no specific statements are alleged.

With no allegations regarding time, place or manner, Plaintiff alleges that "Wong continues to make daily posts on social media making false [sic] malicious accusations against Legacy PAC, Craig and Fitzgerald." *Id.* Plaintiff fails to specify what false and malicious statements were made here. In addition, Plaintiff alleges with no reference to time, place or manner, "Wong is intentionally making false statements concerning Legacy PAC and its members on a site that she purports to be the official Legacy PAC website." *Id.* Plaintiff fails to specify what false statements were made about Plaintiff and Plaintiff fails to attach copies of any such statements or website pages to its Complaint.

Plaintiff alleges, "Wong continues to use this unauthorized Legacy PAC site to publish false and defamatory statements against Legacy PAC and its remaining members." *Id.* However, Plaintiff fails to identify any such false and defamatory statements or even attach copies of web pages where such statements were supposedly made.

### Ms. Wong's FEC Complaint

According to Plaintiff, Ms. Wong "filed an unauthorized false and defamatory complaint against Legacy PAC and its members with a demand to close Legacy PAC with the Federal Election Commission (hereinafter "FEC"_...." Compl. ¶ 5. This FEC Complaint is attached to the Complaint as Exhibit "A."

### ARGUMENT AND CITATION OF AUTHORITY

**A.   Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief may be granted. To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556); *Drummond Coal Sales*

*Inc. v. Kinder Morgan Operating LP "C"*, 836 F. App'x 857, 860–61 (11th Cir. 2021).

While a complaint "does not need detailed factual allegations," a plaintiff must plead "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" in providing the grounds of his entitlement to relief. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 555, 570. A claim has facial plausibility when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. *See Id.*

**B.     Count 1 ("UNLAWFUL INTERFERENCE WITH EMPLOYER'S BUSINESS") Fails to State a Claim Upon Which Relief May Be Granted.**

In *Blakey v. Victory Equip. Sales, Inc.,* 259 Ga. App. 34, 38 (2002), the court identified the elements of tortious interference with contractual relations, business relations, or potential business relations as follows:

> (1) improper action or wrongful conduct by the defendant without privilege;
>
> (2) the defendant acted purposely and with malice with the intent to injure;
>
> (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and
>
> (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Id.* at 38. Plaintiff fails to allege any facts supporting the third requirement above – that Ms. Wong *induced a breach* of contractual obligations or caused a third party to either *discontinue or fail to enter into an anticipated business relationship* with Plaintiff. Plaintiff alleges that after May 30, 2023, Ms. Wong "attempted to interfere with Legacy PAC operations…." Compl. ¶ 11. A tortious interference cause of action does not apply to *interference with a company's operations* and certainly does not apply to an *attempted* interference. A defendant must induce a

9

breach in order or sever a relationship for a plaintiff to prevail on a tortious interference claim.

Plaintiff further claims that Ms. Wong's "continued unauthorized use of Legacy PAC social media and online accounts continues to interfere with its fundraising activities by creating chaos and confusion," "has interfered with Legacy PAC's ability to raise funds" and has caused "apprehension with donors because the preferred portals are not available." Compl. ¶ 11. But Plaintiff fails to identify a single donor or potential donor who has been confused or a donation that has not been made. The threadbare allegations of chaos and confusion and interference with unnamed donors and unknown donations is completely unsupported with any allegation of plausible facts. *See Project Veritas v. Cable News Network, Inc.*, 591 F. Supp. 3d 1322, 1328 (N.D. Ga. 2022) ("Although Rule 8(a)(2) does not require a complaint to contain " 'detailed factual allegations,' " the Rule does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955)").

Plaintiff also complains that Ms. Wong's alleged posting on social media of an image indicating that a certain Veterans for Trump organization was "FAKE" is a basis for its tortious interference claim. Compl. ¶ 13. But Plaintiff is not the Veterans for Trump organization at issue. Indeed, according to Plaintiff, Veterans for Trump is a "close associate." *Id.* The tortious interference cause of action does not extend to associates of any kind. Moreover, the event with Congresswoman Boebert had already concluded before the alleged posting so there could be no interference with an existing or anticipated business relationship.

Finally, Plaintiff's tortious interference claim fails because of the stranger doctrine. As noted by the court in *United Scis., LLC v. Kellett*, 368 Ga. App. 690 (2023), *reconsideration denied* (July 12, 2023):

> To establish under the first element that the defendant acted "without privilege," the plaintiff must show that "the defendant was an intermeddler or 'stranger' to the [contract or] business relationship at issue." *ASC Equip. USA, Inc. v. City Commercial Real Estate, Inc.*, 303 Ga. App. 309, 313 (1), 693 S.E.2d 559 (2010). "[I]f the defendant has a legitimate economic interest in either the contract or a party to the contract, ... [or w]here a defendant has a financial interest in one of the parties to the contract or in the contract, the defendant is not a stranger to the contract or business relationship, even though [he] is not a signatory to the contract." *Tidikis v. Network for Med. Communications &*

11

*Research, LLC*, 274 Ga. App. 807, 812-813 (4), 619 S.E.2d 481 (2005) (citations omitted). See also *696 *American Mgmt. Svcs. East, LLC v. Fort Benning Family Communities, LLC*, 333 Ga. App. 664, 687-688 (4) (b), 774 S.E.2d 233 (2015) (physical precedent only) (applying stranger doctrine to claim for aiding and abetting breach of fiduciary duty).

*Id*. at 695-696. Contrary to Plaintiff's allegation that the purported termination of Ms. Wong's role as President of Plaintiff[3] caused her to be a stranger, Ms. Wong was and remains a member of Plaintiff. Compl. ¶ 5. In fact, according to the Complaint, Ms. Wong continues to solicit donations to Legacy PAC, controls the Facebook, Instagram and X accounts and maintains a website for Plaintiff. Compl. ¶ 5.

    **C.    Count 2 of the Complaint ("DEFAMATION OF CORPORATION: Libel and Slander") Fails to State a Claim Upon Which Relief May Be Granted.**

        **1.    Allegations that Ms. Wong Defamed Messrs. Craig and Fitzgerald and a Veterans for Trump Organization Are Not Actionable.**

---

[3] Specifically, Plaintiff alleges that "Defendant Wong was voted out as the president of Legacy PAC at an Emergency Board Meeting…." Plaintiff does not allege that Ms. Wong's membership in the organization was terminated.

"In Georgia, a viable cause of action for defamation, including libel, 'consists of (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm.'" *Kimball v. Better Bus. Bureau of W. Fla.*, 613 F. App'x 821, 824 (11th Cir. 2015) (citing *Saye v. Deloitte & Touche, LLP,* 295 Ga. App. 128 (2008).

The Complaint is filled with allegations that Ms. Wong defamed Messrs. Craig and Fitzgerald and one allegation that Ms. Wong defamed a Veterans for Trump organization. None of those allegations are actionable because the alleged statements concern those individuals and that organization, not Plaintiff. In other words, Plaintiff fails to allege any facts that meet the requirement of the first element of a defamation claim. The failure to allege facts supporting this essential element is fatal. *See Drummond Coal Sales Inc. v. Kinder Morgan Operating LP "C"*, 836 F. App'x 857, 864 (11th Cir. 2021) (affirming dismissal where counts in complaint failed to allege essential elements); *In re Villa,* 261 F.3d 1148, 1150 (11th Cir. 2001) (affirming dismissal of fraud count for

13

plaintiff's failure to allege misrepresentations to plaintiff); *Sabree v. Ameriquest Mortg. Co.*, No. 1:08-CV-3782-ODE-CCH, 2009 WL 10712132, at *2 (N.D. Ga. May 19, 2009), *report and recommendation adopted*, No. 1:08-CV-3782-ODE, 2009 WL 10712189 (N.D. Ga. Aug. 11, 2009) ("Dismissal is proper if the complaint lacks an allegation regarding an element required to obtain relief.").

> **2. Allegations that Ms. Wong Defamed Plaintiff in Her Complaint to the Federal Election Commission Are Not Specific Enough to Be Actionable.**

Plaintiff claims in Paragraph No. 5 of her Complaint that Ms. Wong made false and defamatory statements about Plaintiff in her complaint to the Federal Election Commission. Yet Plaintiff fails to identify any of the statements in that complaint that are allegedly defamatory. Indeed, Ms. Wong does not state anything in her FEC Complaint that defames *Plaintiff*. Thus, again, Plaintiff fails to meet the first element of a cause of action for defamation – that a false and defamatory statement must concern the plaintiff.

> **3. Allegations that Ms. Wong Defamed Plaintiff in Her Complaint to the Federal Election Commission Are Not**

14

> **Actionable Because They Are Absolutely Privileged.**

In Georgia, allegedly defamatory statements made in court filings are absolutely privileged. The authority for this is O.C.G.A. § 51-5-8, which provides as follows:

> All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous.

The absolute privilege afforded by this code section extends beyond filings in lawsuits. The absolute privilege has been held to apply to quasi-judicial proceedings such as a request for investigation submitted to the Georgia Real Estate Commission pursuant to O.C.G.A. § 43-40-27. *Skoglund v. Durham*, 233 Ga. App. 158, 160 (1998). The reason for extending the privilege to quasi-judicial proceedings is because, the "[a]bsolute privilege is based upon a public policy determination that the importance of one's ability to be free from restraint when engaged in legal processes outweighs a defamed party's right to seek legal redress." *Saye v. Deloitte & Touche*, 295 Ga. App. 128, 131 (2008).

"In determining whether absolute immunity applies, courts look to the "nature of the proceeding and the character of the rights which may be affected by it. Pertinent factors to consider may include the availability of discovery and of an evidentiary hearing, whether the merits of the complaint will be reached during the proceeding, and the scope of judicial review. *Mack v. Delta Air Lines, Inc.,* 639 F. App'x 582, 586 (11th Cir. 2016) (citations and quotations omitted) (because EEOC proceeding is quasi-judicial in nature, it is entitled to absolute immunity under Georgia law); *RCO Legal, P.S., Inc. v. Johnson*, 347 Ga. App. 661, 669–70 (2018) (absolute privilege applied to allegations of theft); *In re Bryan*, 308 B.R. 583, 588 (Bankr. N.D. Ga. 2004) (absolute privilege applied to complaint filed with the Georgia State Bar).

The FEC is empowered to investigate complaints. *See* 52 U.S.C. § 30109. Thus, its proceedings are quasi-judicial in nature. As a result, anything Ms. Wong said to the FEC in her complaint is absolutely privileged under Georgia law.

> **D. A Portion of Count 5 of the Complaint ("ATTORNEY'S FEES AND LITIGATION EXPENSES") Fails to State a Claim Upon Which Relief May Be Granted.**

16

Count 5 of the Complaint seeks attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11 and O.C.G.A. § 9-15-14. Ms. Wong seeks a dismissal of the claim for fees under O.C.G.A. § 9-15-14 because "a claim brought pursuant to O.C.G.A. § 9-15-14 can only be asserted in Georgia state or superior courts." *Munson v. Strategis Asset Valuation and Mgmt., Inc.*, 363 F. Supp. 2d 1377, 1380 n.1 (N.D. Ga. 2005) (citing *Edwards v. Associated Bureaus, Inc.*, 128 F.R.D. 682, 683 (N.D. Ga. 1989)). This is because actions brought under O.C.G.A. § 9–15–14 may only be brought "in any court of record of this state." O.C.G.A. § 9–15–14(a). "This language 'makes it clear that the statute was not intended to provide for claims in federal court.'" *Thomas v. Brown,* 708 F.Supp. 336, 339 (N.D.Ga.1989) (Shoob, J.) (citing *Union Carbide Corporation v. Tarancon Corporation,* 682 F.Supp. 535, 544 (N.D.Ga.1988) (Hall, J.); *Gerald Metals, Ltd. v. Horowitz,* No. C88–1107 (N.D. Ga. June 8, 1989) (Evans, J.).

## CONCLUSION

For each of the foregoing reasons, Ms. Wong requests that her motion to dismiss Counts 2 and 4 and a portion of Count 5 be granted.

Dated: November 3, 2023    **ICHTER DAVIS LLC**

By:   */s/ James W. Hawkins*

**JAMES W. HAWKINS**
Georgia Bar No. 338767
**CARY ICHTER**
Georgia Bar No. 382515
**ICHTER DAVIS LLC**
400 Interstate North Pkwy, SE
Suite 860
Atlanta, Georgia 30339
404.869.7600 (Phone)
404.602.0037 (Fax)
jhawkins@ichterdavis.com
cichter@ichterdavis.com

*Counsel for Defendant*

## CERTIFICATION

In accordance with LR 5.1C, ND GA, I hereby certify that this document has been prepared in 14 point, Century Schoolbook font.

Dated: November 3, 2023.

*/s/ James W. Hawkins*
James W. Hawkins

## CERTIFICATE OF SERVICE

I hereby certify that the within and foregoing **Brief in Support of Motion to Dismiss Counts One and Two and a Portion of Count Five for Failure to State a Claim** was served by email to counsel of record for Plaintiff America First Legacy PAC:

Jared B. Craig, Esq.
20 Baker Road, Suite 5
Newnan, Georgia 30265
Pdc.jbc@gmail.com

Dated: November 3, 2023.

*/s/ James W. Hawkins*
James W. Hawkins
