IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| AMERICA FIRST LEGACY PAC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANGIE WONG,<br><br>　　　　Defendant. | **CIVIL ACTION NO.:**<br>**3:23-CV-00208-TCB**<br><br>**JURY TRIAL DEMANDED** |

## MOTION FOR SANCTIONS

Defendant Angie Wong, by and through her undersigned counsel, pursuant to 28 U.S.C. § 1927 and the inherent powers of this Court, hereby moves for sanctions against Jared B. Craig, counsel for the Plaintiff, showing the Court as follows:

28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

1

As to the Court's inherent power to sanction counsel, the Eleventh Circuit has "observed that a district court's authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers." *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citing *Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1178 n. 6 (11th Cir.2005).

Under 28 U.S.C. § 1927, there are three requirements for sanctions to be imposed on counsel. "First, the attorney must engage in 'unreasonable and vexatious' conduct. Second, that 'unreasonable and vexatious' conduct must be conduct that 'multiplies the proceedings.' Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). The Eleventh Circuit has "consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious

that it is 'tantamount to bad faith.'" *Amlong, supra* (citing *Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir.1991); *see also Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir.2003) ("'Bad faith' is the touchstone.")).  But "unreasonable and vexatious" conduct "does not require a malicious intent or a bad purpose." *Amlong, supra,* at 1240. "[O]bjectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently."  *Id.* at 1241. "Although the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious[ ]' if it is done with a malicious purpose or intent." *Id.*

Attorney Craig is one of three people who organized and started Plaintiff. [Doc. 1-1, ¶ 5; Doc. 8, ¶ 5.] He is listed as a material witness all throughout the original and amended complaints. He signed the original complaint and amended complaints as "In-House Counsel" for Plaintiff [Doc. 1-1 at 18; Doc. 8 at 31] and he verified all of the allegations in the original and amended complaints as "true and correct to the best

of his knowledge and belief." [Doc. 1-1 at 18; Doc. 8 at 32.] It should have been apparent to Attorney Craig before he typed the first word of the original complaint that Rule 3.7 of the Georgia Rules of Professional Conduct forbids him from simultaneously serving as counsel of record and a witness for his client. Because of this violation, Defendant filed her Motion to Disqualify Plaintiff's Counsel. [Doc 4.] She also filed along with her answer a Motion to Dismiss Counts Two and Four and a Portion of Count Five for Failure to State a Claim (the "First Motion for Partial Dismissal"). [Doc. 3-1.]

The original complaint shows diversity of citizenship between the parties and demands compensatory damages in the amount of $272,500, unlimited punitive damages, unspecified attorney's fees and expenses of litigation, and equitable relief. (Doc. 1-1 at 17.) The $272,500 demand certainly meets the amount in controversy requirement for diversity jurisdiction.

Instead of responding to Defendant's Motion to Disqualify him and the First Motion for Partial Dismissal, Attorney Craig tried to altogether avoid the jurisdiction of this Court by (1) amending his client's complaint

to seek $72,500 instead of $272,500 [Doc. 8][1] and (2) moving to remand the case back to the Coweta County Superior Court. [Doc. 9.] Just a few minutes of research by Attorney Craig would have informed him that this was a futile and frivolous exercise because courts look to the amount in controversy "at the time of removal, not later." *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010); *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) ("[D]iversity jurisdiction is determined at the time of removal.") *Leonard v. Enters. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("[F]or purposes of ... subject matter jurisdiction of the district court, the critical time is the date of removal."). Ms. Wong made this abundantly clear in her Brief in Opposition to Motion to Remand to State Court. [Doc. 14.]

Because Plaintiff's First Amended Complaint became the operative complaint, Ms. Wong filed her answer to that complaint [Doc. 12] along with another motion to dismiss ("Second Motion for Partial Dismissal") [Doc. 13] .

---

[1] In the First Amended Complaint, Plaintiff seeks $22,500 in Paragraph No. 14 (tortious interference with contract) and $50,000 in Paragraph No. 23 (defamation claim).

Attorney Craig filed no brief in reply to Ms. Wong's opposition to his client's Motion to Remand.  Instead, on January 12, 2024, Attorney Craig filed a Notice of Filing Voluntary Dismissal, allegedly pursuant to Rule 41(a) of the Federal Rules of Civil Procedure [Doc. 17], and, despite the fact that he was put on notice of his violation of Rule 3.7 of the Georgia Professional Rules of Conduct, promptly verified and filed a new complaint in the Superior Court of Coweta County that is identical in every way to his client's First Amended Complaint in this action.  Same parties.  Same causes of action.  Same allegations.  Same monetary demands totaling $72,500.[2]  Same demand for unlimited punitive damages.[3]

To make it clear that Ms. Wong had not stipulated to the Voluntary Dismissal, she filed her Notice of Plaintiff's Failure to Obtain Defendant's Stipulation to a Rule 41(a) Voluntary Dismissal on January 19, 2024 [Doc. 19.]

---

[2] Plaintiff seeks $22,500 in Paragraph No. 14 (tortious interference with contract claim) and $50,000 in Paragraph No. 21 (defamation claim).

[3] See introductory clause and Paragraph Nos. 3, 5, and 21.

6

On January 30, Ms. Wong removed the new action to this Court in Case No. 3:24-cv-00020 where she answered the complaint and filed her Motion for Judgment on the Pleadings due to the fact that the new action filed by Attorney Craig violated the prior pending action doctrine.[4]

In his latest filing, Attorney Craig apparently thinks that the $72,500 *ad damnum* amount would avoid removal because it is below the $75,000 amount in controversy threshold. Plaintiff fails to avoid removal, however, because Craig kept his client's demand for unlimited punitive damages in the complaint. That demand causes the amount in controversy in the new action to exceed $75,000. *See Thomas v. Generac Power Sys. Inc.*, No. 21-12997, 2022 WL 4091735, at *2 (11th Cir. Sept. 7, 2022) ("When available, punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases.") citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("Punitive damages must be considered when

---

[4] *See, e.g., Est. of Barnett by & through Barnett v. NaphCare, Inc.*, No. 1:21-CV-2890-TCB, 2021 WL 7541406, at *2 (N.D. Ga. Sept. 2, 2021) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed.") (quotation and citation omitted) (emphasis in original).

7

determining the jurisdictional amount in controversy in diversity cases."); *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) ("Fifth Third need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages *could* be awarded.") (citing *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (finding CAF"s amount in controversy requirement satisfied where a potential award of punitive damages could be high enough to reach the jurisdictional minimum)).

Attorney Craig's actions amount to unreasonable and vexatious conduct. Those actions are compounded by the fact that Craig has engaged in the same chicanery in both of the original actions against Ms. Wong, s*ee* Case No. 3:23-cv-00207-TCB, as well as both of his most recent filings. *See* Case Nos. 3:24-cv-00019-TCB and 3:24-cv-00020-TCB. In each of these cases, Craig's conduct has multiplied the proceedings by causing Ms. Wong to (1) file her Motion to Disqualify Plaintiff's Counsel; (2) answer the First Amended Complaint [Doc. 12]; (3) file the Second Motion for Partial Dismissal [Doc. 13]; (4) respond to a frivolous Motion

to Remand [Doc. 14]; (5) file her Notice of Plaintiff's Failure to Obtain Defendant's Stipulation to a Rule 41(a) Voluntary Dismissal [Doc. 18]; (6) file a Notice of Removal in Case No. 3:24-cv-00020; (7) file a Motion for Judgment on the Pleadings in Case No. 3:24-0020 for Attorney Craig's violation of the prior pending action doctrine; and (8) file this Motion for Sanctions. The attorney's fees and other costs incurred by Ms. Wong for these filings bear a nexus to the excess proceedings such that the sanctions awarded by this Court will not exceed the costs, expenses, and attorneys' fees incurred because of such conduct. Ms. Wong requests that the Court permit her counsel to submit those costs, expenses, and attorneys' fees in a declaration within fourteen (14) days after the Court grants this motion.

    For each of the foregoing reasons, Ms. Wong requests that the Court grant her Motion for Sanctions.

Dated: January 30, 2024        Respectfully submitted:

                                          **ICHTER DAVIS LLC**

                               By:    */s/ James W. Hawkins*

                                          **JAMES W. HAWKINS**
                                          Georgia Bar No. 338767
                                          **CARY ICHTER**
                                          Georgia Bar No. 382515
                                          **ICHTER DAVIS LLC**
                                          400 Interstate North Pkwy, SE
                                          Suite 860
                                          Atlanta, Georgia 30339
                                          404.869.7600 (Phone)
                                          404.602.0037 (Fax)
                                          jhawkins@ichterdavis.com
                                          cichter@ichterdavis.com

                                          *Counsel for Defendant*

## CERTIFICATION

In accordance with LR 5.1C, ND GA, I hereby certify that this document has been prepared in 14 point, Century Schoolbook font.

Dated: January 30, 2024.

*/s/ James W. Hawkins*
James W. Hawkins

## CERTIFICATE OF SERVICE

I certify that on January 30, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of filing and a copy of same to counsel for the Plaintiff.

Dated: January 30, 2024.

*/s/ James W. Hawkins*
James W. Hawkins
